UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BNSF RAILWAY COMPANY,<br><br>                Plaintiff,<br><br>    v.<br><br>CLARK COUNTY, WASHINGTON, et al.,<br><br>                Defendants. | CASE NO. C18-5926 BHS<br><br>ORDER DENYING IN PART AND RENOTING IN PART PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

This matter comes before the Court on Plaintiff BNSF Railway Company's ("BNSF") motion for temporary restraining order and preliminary injunction. Dkt. 14.

On November 13, 2018, BNSF filed a complaint against Defendants Clark County, Washington, Mitch Nickolds, Kevin Pridemore, and Richard Daviau ("Defendants") seeking declaratory and injunctive relief. Dkt. 1. BNSF alleges that it "is upgrading a stretch of its track between Washougal and Mt. Pleasant in Clark County, Washington." *Id.* at 1. Defendants, however, "are threatening to compel BNSF to engage in a county permitting and preclearance process that is clearly preempted by federal law." *Id.*

1       On November 14, 2018, BNSF filed the instant motion requesting a temporary restraining order, preliminary injunction, and a hearing for the preliminary injunction. Dkt. 8. BNSF seeks protection from Defendants "imminent enforcement against BNSF of Clark County land use ordinances . . . ." Dkt. 8 at 9. BNSF has submitted evidence that Defendants intend to proceed with a "Code Enforcement Notice of Order and hearing." Dkt. 9 at 17.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

In this case, BNSF fails to establish that it will suffer irreparable harm in the absence of preliminary relief. BNSF asserts that without the injunction (1) it may lose business because the improvements to its rail lines would be stymied and (2) it would not be able to recover the excessive costs of complying with the local permitting process. Dkt. 8 at 29–31. At this point, the Court finds that these assertions are unsupported by facts or persuasive argument. At most, the record reflects that BNSF may be subjected to an enforcement notice and a hearing. BNSF fails to provide additional information as to the actual damages a notice and hearing would cause BNSF. It is unclear whether Defendants could even schedule a hearing before this Court could pass upon a preliminary injunction or whether Defendants have the power to shut down imminent or ongoing work. Thus, BNSF has failed to establish irreparable harm absent a temporary restraining order before the Court is able to consider a fully briefed preliminary

injunction. Accordingly, the Court denies BNSF's motion on the issue of a temporary restraining order.

Regarding BNSF's request for a preliminary injunction hearing, the Court grants the request. A hearing will be held on December 19th at 10:00 AM. Defendants may respond no later than December 5, 2018, and BNSF may reply no later than December 14, 2018. The Clerk shall renote BNSF's motion for consideration on the Court's December 19, 2018 calendar.

Finally, if Defendants take action that actually impedes construction, BNSF may seek relief before the scheduled hearing.

**IT IS SO ORDERED**.

Dated this 14th day of November, 2018.

BENJAMIN H. SETTLE
United States District Judge