UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BNSF RAILWAY COMPANY,

        Plaintiff,

    v.

CLARK COUNTY, WASHINGTON; MITCH
NICKOLDS, in his official capacity as Director
of Community Development of Clark County;
KEVIN PRIDEMORE, in his official capacity
as Code Enforcement Coordinator of Clark
County;  RICHARD DAVIAU, in his official
capacity as County Planner of Clark County ,

        Defendants.

No. 3:18-cv-5926

CLARK COUNTY DEFENDANTS'
RESPONSE TO MOTION FOR
PRELIMINARY INJUNCTION

NOTING DATE:  December 19, 2018

CLARK COUNTY DEFENDANTS' REPONSE
TO MOTION FOR PRELIMINARY INJUNCTION

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1300 FRANKLIN ST., SUITE 380 ● PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(564) 397-2478 (OFFICE)  /  (564) 397-2184 (FAX)

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*3570 E. Foothill Blvd., Inc., v. City of Pasadena,* 912 F. Supp. 1257 (C.D. Cal. 1995) ..............8

*American Passage Media Corp. v. Cass Communications, Inc.,* 750 F.2d 1470, (9th Cir. 1985)...........................................................................................................11

*Amer. Trucking Ass'n v. City of Los Angeles,* 559 F.3d 1046 (9th Cir. 2009) ...........................12

*Ass'n of Am. RRs v. S. Coast Air Quality Mgmt. Dist.,* 622 F.3d 1094, 1098 (9th Cir. 2010) ................................................................................................................1, 9

*Boston and Maine Corp. and Town of Ayer, MA,* STB No. FD 339710 ( 2001).......... 1-2, 9-10, 13

*Broughton Lumber Co. v. Columbia River Gorge Comm'n,* 975 F.2d 616 (9th Cir. 1992)........18

*Columbia River Gorge United v. Yeutter,* 960 F.2d 110 (9th Cir. 1992)......................................5

*Cornish v. Dudas,* 540 F. Supp. 2d 61 (D.D.C. 2008), *aff'd sub nom., Cornish v. Doll,* 330 F. App'x 919 (Fed. Cir. 2009) ..............................................................15

*Flexible Lifeline Sys. v. Precision Lift, Inc.,* 654 F.3d 989 (9th Cir. Mont. 2011) .....................15

*GoTo.com, Inc., v. Walt Disney Co.,* 202 F.3d 1199 (9th Cir. 2000) .........................................14

*Hodgers-Durgin v. de Ia Vina,* 199 F.3d 1037 (9th Cir. 1999) ...................................................11

*Munaf v. Geren,* 553 U.S. 674. 128 S. Ct. 2207, 171 L. Ed. 2d 1 (2008)......................................8

*New Motor Vehicle Bd. of California v. Orrin W. Fox Co.,* 434 U.S. 1345, 98 S. Ct. 359, 54 L. Ed. 2d 439 (1977) ................................................................................................16

*Oakland Trib. Inc., v. Chron. Pub. Co.,* 762 F.2d 1374 (9th Cir. 1985)......................................14

*Sammartano v. First Judicial District Court,* 303 F.3d 959 (9th Cir. 2002) ...............................15

*Seaside Civic League, Inc., v. United States HUD,* 2014 U.S. Dist. LEXIS 147733, *1 (N.D. Cal. Oct. 15, 2014)........................................................................................15

*Sierra On-Line, Inc., v. Phoenix Software, Inc.,* 739 F.2d 1415 (9th Cir. 1984).......................8, 14

*Stormans, Inc., v. Selecky,* 586 F.3d 1109 (9th Cir. 2009) .........................................................14

TABLE OF AUTHORITIES - i

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1300 FRANKLIN ST., SUITE 380 • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(564) 397-2478 (OFFICE) / (564) 397-2184 (FAX)

*Syntek Semiconductor Co., Ltd., v. Microchip Technology, Inc.,* 307 F.3d 775, (9th Cir. 2002) ..................................................................................................18

*Tanner Motor Livery, Ltd., v. Avis, Inc.,* 316 F.2d 804 (9th Cir. 1963)......................14

*Union Pacific Railroad Company v. Runyon,* U.S. Dist. Ct., Oregon, 320 F.R.D. 245 (2017)....3

*United States v. General Dynamics Corp.,* 828 F.2d 1356 (9th Cir. 1987).............................. 17-18

*Winter v. NRDC,* 555 U.S. 7, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008) ..................................8, 11

**Federal Constitution and Statutes:**

Columbia River Gorge National Scenic Area Act, Pub L. No. 99-663, 100 Stat. 4274 (1986), 16 U.S.C. §§ 544-544p.......................................................................... *passim*

    16 U.S.C. § 544a ...............................................................................................4
    16 U.S.C. § 544c ...............................................................................................4
    16 U.S.C. § 544d .............................................................................................17
    16 U.S.C. § 544d – 544f .............................................................................5, 17
    16 U.S.C. § 544e .............................................................................................10
    16 U.S.C. § 544e(b) ..........................................................................................6
    16 U.S.C. § 544f(h) .........................................................................................10
    16 U.S.C. §§ 544f(h) – (j) .................................................................................6
    16 U.S.C. § 544i ...............................................................................................5
    16 U.S.C. § 544l ...............................................................................................5
    16 U.S.C. § 544m(a)(2)................................................................................3, 17
    16 U.S.C. § 544m(a)(3)...................................................................................17
    16 U.S.C. § 544m(b)(4) ....................................................................................3
    16 U.S.C. § 544m(b)(6) ....................................................................................3
    16 U.S.C. §§ 544m(b)(4)-(6) ..........................................................................18
    16 U.S.C. § 544n(c) ..........................................................................................5

Interstate Commerce Commission Termination Act of 1995, Pub. L. No 104-88, 109 Stat. 803. .................................................................................................1

    49 U.S.C. § 10501(b) .....................................................................................10

**State and Local Statutes:**

ORS 196.150.......................................................................................................5
RCW 43.97.015 ...................................................................................................5

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1300 FRANKLIN ST., SUITE 380 • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(564) 397-2478 (OFFICE) / (564) 397-2184 (FAX)

**INTRODUCTION**

In attempting to meet the high burden for injunctive relief, BNSF Railway Company ("BNSF") incorrectly argues that the Interstate Commerce Commission Termination Act ("ICCTA") preempts the federal environmental regulatory scheme established by the Columbia River Gorge National Scenic Area Act ("National Scenic Area Act"), which was enacted by Congress and signed into law in 1986. 16 U.S.C §§ 544-544p. Fundamentally, BNSF's preemption argument fails because the National Scenic Area Act, a federal environmental statute, authorizes and depends upon Clark County and the Columbia River Gorge Commission ("Gorge Commission") to implement federal environmental law within the Columbia River Gorge.

In advancing its preemption argument, BNSF ignores relevant legal authority that is directly contrary to its position from the Ninth Circuit and the Surface Transportation Board ("STB"), each of which have held that preemption is <u>not</u> applicable when ICCTA may conflict with federal environmental law. *Joint Petition for Declaratory Judgment Order - Boston and Maine Corp. and Town of Ayer, MA, STB No. FD 339710, 2001, cited with approval by Ass'n of Am. RRs v. S. Coast Air Quality Mgmt. Dist., 622 F.3d 1094, 1098 (9th Cir. 2010).* Rather, as the STB's *Town of Ayer* decision explains, the appropriate analytical framework for evaluating how ICCTA interacts with another federal regulatory scheme is to review each individual action for impact on interstate commerce and whether a competing statute or regulation is applied in a discriminatory manner or used as a pretext for frustrating or preventing a particular activity. The Ninth Circuit has adopted this analysis in *Ass'n of Am. RRs*, holding that "if an apparent conflict exists between ICCTA and *a federal law*, courts must strive to harmonize the two laws, giving effect to both laws if possible." *Id.* at 1098 *(emphasis*

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1300 FRANKLIN ST., SUITE 380 • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(564) 397-2478 (OFFICE) / (564) 397-2184 (FAX)

*in original)*. BNSF's failure to even cite *Town of Ayer* is especially puzzling because it cited the case in a letter to Clark County just prior to initiating this declaratory judgment action. (Dkt. 9, pp. 25-26.)

BNSF has also omitted the fact that it has already obtained other approvals relating to this project from governmental agencies based upon its express representation that it would be seeking and obtaining a Columbia River Gorge National Scenic Area Permit ("National Scenic Area Permit") from Clark County. (Declaration of Vincent McGowen, "Decl. of McGowen," ¶¶ 4-5, Exs. A-B.) Specifically, on or about January 14, 2016, BNSF submitted a State Environmental Policy Act ("SEPA") checklist to the Washington Department of Ecology which conceded that a National Scenic Area Permit "administered by Clark County" was "needed" and that "BNSF is submitting a Land Use Application to Clark County to comply with the Columbia River Gorge National Scenic Area." (Decl. of McGowen, ¶¶ 4-5, Ex. A, BNSF SEPA Checklist, pp. 2, 10.) In seeking approval from the Department of Ecology, BNSF also identified five archeological sites near the project site that are "within the Columbia River Gorge Scenic Area in Clark County" that would be subject to review under the National Scenic Area Act permitting process. (Decl. of McGowen, ¶ 4, Ex. A., BNSF SEPA Checklist, p. 12.) According to BNSF, one of these known archeological sites is located just 124 feet north of the project area. *Id.* Finally, In signing the SEPA checklist, BNSF's representative certified that "*The above answers are true and complete to the best of my knowledge. I understand that the lead agency is relying upon them to make its decision.*" (Decl. of McGowen, ¶ 4, Ex. A, BNSF SEPA Checklist, p. 13) (*emphasis added*). On or about March 24, 2016, the Washington Department of Ecology issued a Determination of Non-Significance in reliance upon BNSF's repeated representations that it would be seeking a National Scenic

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1300 FRANKLIN ST., SUITE 380 • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(564) 397-2478 (OFFICE) / (564) 397-2184 (FAX)

Area Permit.  Consistent with BNSF's representations, the Department of Ecology's Determination of Non-Significance lists "Land Use Approval – Columbia River Gorge National Scenic Area (administered by Clark County)" as a "needed" permit.  (Decl. of McGowen, ¶ 6, Ex. A., Dept. of Ecology Determination of Non-Significance, p. 3.)

Having obtained an approval from the Department of Ecology based upon the representation that it would be obtaining a National Scenic Area Permit from Clark County, BNSF cannot now claim that it does not need a permit because ICCTA preempts the federal regulatory scheme established by the Columbia River Gorge National Scenic Area Act.  Even if BNSF's past representations did not defeat its current position, ICCTA authorities, including the STB and the Ninth Circuit, make clear that preemption does not apply and that the application of the National Scenic Area authorities to BNSF's permit application must be harmonized with ICCTA.  While ICCTA does not specify who must harmonize the law, the National Scenic Area Act expressly requires disputes involving a county's National Scenic Area permitting decision to be appealed to the Gorge Commission with further appeal to state court. 16 U.S.C. §§ 544m(a)(2), 544m(b)(4), 544m(b)(6).  Moreover, the Oregon U.S. District Court has recently observed that the Gorge Commission is an adequate forum to balance competing requirements of the National Scenic Area Act and ICCTA. *Union Pacific Railroad Company v. Runyon*, U.S. Dist. Ct., Oregon, 320 F.R.D. 245, 255 (2017).  Clark County and the Gorge Commission's appeal process is akin to formal adjudication under the federal Administrative Procedures Act and is appealable to state trial and appellate courts, a process that works well for complex legal issues.  BNSF has applied for twelve National Scenic Area Permits pursuant to this process since ICCTA was enacted in 1995 and has never been denied a permit. (Dkt. 38, Declaration of Nancy Andring, ¶¶ 2-3.)

CLARK COUNTY DEFENDANTS' RESPONSE TO
MOTION FOR PRELIMINARY INJUNCTION - 3

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1300 FRANKLIN ST., SUITE 380 • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(564) 397-2478 (OFFICE)  /  (564) 397-2184 (FAX)

Because BNSF has previously committed to obtaining a National Scenic Area Permit for this project and because, as a matter of law, ICCTA preemption does not extend to federal environmental laws, BNSF cannot succeed on the merits of its primary legal theory in this case and, thus, cannot meet the high standard necessary to obtain a preliminary injunction. Moreover, BNSF has not demonstrated that it will suffer irreparable harm as a result of being exposed to the due process and appellate review authorized by the National Scenic Area Act, a federal environmental law. For these reasons, and because the equities and public interest weigh *against* the requested preliminary injunction, BNSF's motion should be denied.

## STATEMENT OF FACTS

**A.      The Columbia River Gorge National Scenic Area.**

The Columbia River Gorge is located just east of Vancouver, Washington, and Portland, Oregon. In 1986, Congress enacted the Columbia River Gorge National Scenic Area Act, Pub. L. No. 99-663, 100 Stat. 4274 (1986), codified, as amended, at 16 U.S.C. §§ 544 to 544p (2012). The National Scenic Area Act created the Columbia River Gorge National Scenic Area with land area in portions of three counties in Oregon and three counties in Washington, including Clark County, Washington. The primary purpose of the Act is to protect and provide for the enhancement of the scenic, cultural, recreational, and natural resources of the Columbia River Gorge. 16 U.S.C. § 544a. The second purpose of the Act is to provide for economic development consistent with the first purpose. *Id.*

The National Scenic Area Act authorized Oregon and Washington to enter into an interstate compact to manage development within the National Scenic Area consistent with the standards in the National Scenic Area Act. 16 U.S.C. § 544c. However, as a condition of this consent, Congress specifically required that counties located within the National Scenic Area and

CLARK COUNTY DEFENDANTS' RESPONSE TO
MOTION FOR PRELIMINARY INJUNCTION - 4

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1300 FRANKLIN ST., SUITE 380 • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(564) 397-2478 (OFFICE)  /  (564) 397-2184 (FAX)

the Gorge Commission possess the permitting and enforcement powers necessary to implement the National Scenic Area Act. Oregon and Washington subsequently entered into and codified such an interstate compact to implement the regional regulatory scheme established by the National Scenic Area Act. *See* ORS 196.150; RCW 43.97.015. The Ninth Circuit Court of Appeals has upheld the constitutionality of the National Scenic Area Act and has characterized the Columbia River Gorge Compact as "an innovative solution to a difficult interstate land management problem." *Columbia River Gorge United v. Yeutter*, 960 F.2d 110, 114–15 (9th Cir. 1992).

The National Scenic Area Act requires that the Gorge Commission and the U.S. Secretary of Agriculture jointly develop a management plan for the Scenic Area and specifies minimum land management standards for the Management Plan. 16 U.S.C. § 544d – 544f. The Gorge Commission adopted the Management Plan in 1991 and the U.S. Secretary of Agriculture concurred in early 1992.

The Gorge Commission has filed a brief in this action which more fully discusses the history of the Gorge and the regulatory scheme and management plan established by the National Scenic Area Act. *See* Section II (A-B) of Columbia River Gorge Commission's Response. Clark County adopts and incorporates this discussion by reference.

**B.     Clark County's Role in Implementing the Columbia River Gorge National Scenic Area Act and Gorge Management Plan.**

The National Scenic Area Act requires Clark County to adopt and implement land use ordinances consistent with the Management Plan. 16 U.S.C. §§ 544i, 544l & 544n(c). The National Scenic Area Act further requires that the Gorge Commission find Clark County's ordinance consistent with the Management Plan for the non-special management areas and make a tentative finding of consistency for the ordinance, as applied to special management areas. 16

CLARK COUNTY DEFENDANTS' RESPONSE TO
MOTION FOR PRELIMINARY INJUNCTION - 5

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1300 FRANKLIN ST., SUITE 380 • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(564) 397-2478 (OFFICE) / (564) 397-2184 (FAX)

U.S.C. § 544e(b). Finally, the Secretary of Agriculture must review and concur with the Commission's tentative determination of consistency, unless the Secretary determines the ordinance is not consistent with the Management Plan. 16 U.S.C. §§ 544f(h)–(j). Clark County first adopted its National Scenic Area Unified Development Code in 1996. (Dkt. 37, Declaration of Robin Shoal, "Decl. of Shoal," ¶ 10.) The Gorge Commission approved it as consistent with the Management Plan, and the U.S. Secretary of Agriculture granted concurrence. (Dkt. 37, Decl. of Shoal, ¶ 11.)

## C. BNSF's History of Applying for Permits and Commitment to Apply for a Permit for this Project.

BNSF has applied for twelve National Scenic Area Permits since ICCTA was enacted in 1995, none of which were denied. (Dkt. 38, Declaration of Nancy Andring, ¶ 2-3.) Through this permitting process, Gorge counties and the Gorge Commission have provided a forum to harmonize the requirements of the National Scenic Area Act and ICCTA. In this case, consistent with this longstanding practice, BNSF has already obtained approvals from the Washington Department of Ecology based upon its express representation that it would be seeking a National Scenic Area Permit from Clark County. (Decl. of McGowen, ¶ 4, Ex. A., Dept. of Ecology Determination of Non-Significance, p. 3.) Specifically, BNSF made the following representations to the Department of Ecology in order to obtain its approval:

**10.** **List any government approvals or permits that will be needed for your proposal, if known.**

- NPDES Construction Storm Water General Permit Authorization
- ***Land Use Approval - Columbia River Gorge National Scenic Area (administered by Clark County)***

[…]

**L.** **Proposed measures to ensure the proposal is compatible with existing and projected land uses and plans, if any:**

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1300 FRANKLIN ST., SUITE 380 • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(564) 397-2478 (OFFICE) / (564) 397-2184 (FAX)

> This project is specifically related to the existing and continued use of the property as an interstate, mainline railroad. ***However, BNSF is submitting a Land Use Application to Clark County to comply with the Columbia River Gorge National Scenic Area.***

Decl. of McGowen, ¶ 4, Ex. A, BNSF SEPA Checklist, pp. 2, 10 *(emphasis added)*.

BNSF made each of these representations to the Department of Ecology *knowing* that they would be relied upon during the agency's review of the project. In particular, BNSF's agent attested to the accuracy of the representations in the SEPA checklist and confirmed that "*I understand that the lead agency is relying upon them to make its decision.*" (Decl. of McGowen, ¶ 4, Ex. A, BNSF SEPA Checklist, p. 13) *(emphasis added)*. And, in fact, the Department of Ecology did rely upon BNSF's representations as it reviewed the project and granted approval. (Decl. of McGowen, ¶ 5-6). In granting BNSF a Determination of Non-Significance, the Department of Ecology specifically noted that a National Scenic Area Permit (administered by Clark County) was indeed required. (Decl. of McGowen, ¶ 6, Ex. B., Dept. of Ecology Determination of Non-Significance, p. 3.) Specifically, BNSF's approval from the Department of Ecology states:

**Permits needed:**

- • NPDES Construction Storm Water General Permit Authorization
- • **Land Use Approval- Columbia River Gorge National Scenic Area (administered by Clark County)**

*Id. (emphasis added)*.

Despite its commitments to the Department of Ecology and the requirements of the National Scenic Area Act, BNSF has commenced construction without applying for a National Scenic Area Permit and is presently altering the landscape in the Columbia River Gorge. (Declaration of Alicia Lewis, "Decl. of Lewis," ¶ 2, Ex. A, Photographs of BNSF Construction.)

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1300 FRANKLIN ST., SUITE 380 • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(564) 397-2478 (OFFICE) / (564) 397-2184 (FAX)

# ARGUMENT

## A. BNSF Does Not Meet the Heavy Burden for a Preliminary Injunction

### 1. Standard for Preliminary Injunction.

The United States Supreme Court and the Ninth Circuit have consistently held that a preliminary injunction is an extraordinary and drastic remedy. *See, e.g., Munaf v. Geren,* 553 U.S. 674, 689, 128 S. Ct. 2207, 171 L. Ed. 2d 1 (2008) *(citation and internal quotation marks omitted).* "A preliminary injunction [...] is not a preliminary adjudication on the merits but rather a device for preserving the status quo." *Sierra On-Line, Inc., v. Phoenix Software, Inc.,* 739 F.2d 1415, 1422 (9th Cir. 1984). Because the primary purpose of a preliminary injunction is to preserve the status quo, when a preliminary injunction would instead greatly alter the status quo, such relief must be "viewed with hesitancy and carry a heavy burden of persuasion." *3570 E. Foothill Blvd., Inc. v. City of Pasadena,* 912 F. Supp. 1257, 1260 (C.D. Cal. 1995).

In this case, despite its representations to the Department of Ecology, BNSF began construction in the National Scenic Area before obtaining a required permit (or seeking relief from this or any other Court) and is currently irreversibly altering the landscape and the status quo. (Decl. of Lewis, ¶ 2, Ex. A, Photographs of BNSF Construction.) The preliminary injunction sought by BNSF would permit it to continue to alter the status quo, in direct contravention of the National Scenic Area Act and its own prior commitments.

To obtain a preliminary injunction, the moving party must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. *Winter v. NRDC,* 555 U.S. 7, 20; 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). For the reasons set

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1300 FRANKLIN ST., SUITE 380 • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(564) 397-2478 (OFFICE) / (564) 397-2184 (FAX)

forth herein and in the briefs of the Gorge Commission, which is incorporated herein by reference, BNSF cannot meet its heavy burden of persuasion.

### 2. BNSF Has Not Shown it is Likely to Succeed on the Merits.

BNSF cannot succeed on the merits in this case because preemption, its sole legal theory, is not the correct standard for evaluating the competing requirements of two federal laws, ICCTA and the National Scenic Area Act. Rather, as the Surface Transportation Board ("STB") and the Ninth Circuit have held, courts must seek to harmonize ICCTA and the competing federal law, giving effect to both laws if possible. *Town of Ayer,* 5 S.T.B. 500, 2001 WL 458685, at 6, fn. 28, (May 1, 2001); *Ass'n of Am. R.R.s,* 622 F.3d at 1098. Specifically, the STB has held that:

> Of course, whether a particular Federal environmental statute, local land use restriction, or other local regulation is being applied so as to not unduly restrict the railroad from conducting its operations, or unreasonably burden interstate commerce, is a fact-bound question. Accordingly, individual situations need to be reviewed individually to determine the impact of the contemplated action on interstate commerce and whether the statute or regulation is being applied in a discriminatory manner, or being used as a pretext for frustrating or preventing a particular activity, in which case the application of the statute or regulation would be preempted.

*Town of Ayer,* 5 S.T.B. 500, 2001 WL 458685 at 6.

The Ninth Circuit has adopted this harmonization standard, citing, *Town of Ayer* with approval, and holding that "[i]f an apparent conflict exists between ICCTA and *federal* law, courts must strive to harmonize the two laws, giving effect to both laws if possible." *Ass'n of Am. R.R.s,* 622 F.3d at 1098 *(emphasis in original)*.

Remarkably, BNSF does not even cite STB's holding in *Town of Ayer* as it seeks the drastic remedy of a status quo altering preliminary injunction. *Supra* at 7. BNSF's failure to cite *Town of Ayer* is perplexing given that BNSF cited the case, albeit for the wrong proposition, in a

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1300 FRANKLIN ST., SUITE 380 • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(564) 397-2478 (OFFICE) / (564) 397-2184 (FAX)

position letter to Clark County just prior to the commencement of this action. (Dkt. 9 at 25-26.)
In this letter, as in the present case, BNSF mistakenly characterizes Clark County's
implementation of the requirements of the National Scenic Area Act as mere local law and, thus,
cites *Town of Ayer* for the wrong proposition. *Id.* In fact, Clark County and the Gorge
Commission have been expressly charged with implementing the National Scenic Area Act, a
federal environmental law, and *Town of Ayer* stands for the proposition that federal
environmental laws are not preempted.

Because the STB and the Ninth Circuit have concluded that ICCTA and 49 U.S.C. §
10501(b), in particular, *does not* preempt federal environmental laws like the National Scenic
Area Act, BNSF has chosen to characterize Clark County and the Gorge Commission's
implementation of the National Scenic Area Act as mere local law that addresses purely local
interests. In so doing, BNSF seeks to undermine the intricate federal regulatory scheme that
Congress established when it enacted the Columbia River Gorge National Scenic Area. As
discussed herein and in the brief of the Columbia River Gorge Commission, BNSF's position is a
dramatic and inaccurate oversimplification that is contrary to the law and belied by its own past
practice and recent representations. Moreover, there is no distinction between the National
Scenic Area Management Plan and Clark County's National Scenic Area Unified Development
Code for the purpose of characterizing Clark County's Code as federal, state or local. Both are
required by the National Scenic Area Act. 16 U.S.C. §§ 544e and 544f(h). Clark County's
National Scenic Area Unified Development Code is no less a part of the federal program simply
because local officials implement it.

BNSF is unlikely to succeed on the merits because, as a matter of law, ICCTA
preemption does not extend to federal environmental laws like the Columbia River Gorge

CLARK COUNTY DEFENDANTS' RESPONSE TO
MOTION FOR PRELIMINARY INJUNCTION - 10

National Scenic Area Act. Accordingly, the Court must deny BNSF the drastic and status quo altering relief of a preliminary injunction.

### 3. BNSF Has Not Shown Requisite Irreparable Harm.

A preliminary injunction is an extraordinary remedy and to obtain such relief, Plaintiffs must demonstrate more than a mere "possibility" of harm, they need to show "substantial and immediate" injury. *Winter*, 555 U.S. at 22. The need to show "substantial and immediate irreparable injury" is especially strong when plaintiffs seek to enjoin the activity of a state or local government. *Hodgers-Durgin* v. *de la Vina*, 199 F.3d 1037, 1042 (9th Cir. 1999) (citing what the court characterized as "the well-established rule that the Government has traditionally been granted the widest latitude in the dispatch of its own internal affairs.").

BNSF asserts that without an injunction it will suffer irreparable harm due to: (1) the possibility of losing customers if they are unable to expand their rail lines to accommodate increased demand; and (2) the expenditure of costs associated with complying with the permitting process. (Dkt. 8 at 29-31.) As this Court correctly noted when denying BNSF's motion for temporary restraining order and preliminary injunction, these allegations are conclusory and unsupported by actual facts.

First, a showing of irreparable harm to competition requires the production of probative evidence. *American Passage Media Corp.* v. *Cass Communications, Inc.,* 750 F.2d 1470, 1985 (9th Cir. 1985). Yet, BNSF fails to supply requisite evidence of immediate and substantial harm, aside from a conclusory declaration from its Senior General Attorney in support of its litigating position. While BNSF asserts the project in question "will allow smoother, continuous movement of trains and reduce wait times . . .

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1300 FRANKLIN ST., SUITE 380 • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(564) 397-2478 (OFFICE) / (564) 397-2184 (FAX)

throughout the region" (Dkt. 10. at 3), it has offered the Court no substantiating evidence, aside from a single conclusory sentence stating that it "has experienced capacity constraints," to support their assertion that the existing configuration fails to meet current needs. BNSF has provided the Court with no evidence to clarify or quantify the assertion that it has failed to meet past demand or that it will fail to meet near-term future demand, such that the federally-mandated National Scenic Area permit process should be enjoined.

The inadequacy of BNSF's supporting evidence is illustrated by a review of *Amer. Trucking Ass'n* v. *City of Los Angeles,* 559 F.3d 1046 (9th Cir. 2009), which BNSF relies upon for support that it is entitled to a preliminary injunction. In *Amer. Trucking Ass'n,* a trucking industry trade association sought to enjoin the implementation of mandatory concession agreement programs for certain trucking services and provided actual evidence of a backlog of freight or that "all parts of [Plaintiff's] business will evaporate." *Id.* at 1058. Here again, there is no similar evidence. BNSF has provided the Court with only a conclusory statement from its Senior Attorney, but nothing else demonstrating the veracity of the claims in that statement.

Likewise, BNSF's assertion that it will suffer irreparable harm by incurring costs associated with submitting a permit is as curious as it is unfounded. Indeed, as BNSF explained in its own position letter to the County, "as a matter of policy BNSF seeks to work collaboratively with local jurisdictions, such as Clark County, to address local interests through voluntary compliance." (Dkt. 9 at 25.) BNSF has repeatedly offered to work with the County "in the manner outlined in the *Ayers* case." *Id.* at 26.[1] Although BNSF misapplies the holding in

---

[1] Attorney James Lynch also confirmed via email on September 5, 2018, that "BNSF strives to be a good neighbor, and works collaboratively with local jurisdictions like Clark County where possible regardless whether it formally applies for permits." (Dkt. 9 at 9.)

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1300 FRANKLIN ST., SUITE 380 • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(564) 397-2478 (OFFICE) / (564) 397-2184 (FAX)

*Town of Ayer*— because Clark County is implementing federal law— BNSF proposed to voluntarily submit much of the same project information that would be required through the permitting process. Specifically, BNSF proposed: (1) sharing development plans; (2) using local best management practices when constructing the railroad facilities: (3) implementing appropriate precautionary measures at the railroad facility; (4) providing representatives to meet periodically with the County to seek mutually acceptable ways to address local concerns; and (5) submitting environmental monitoring or testing information for an appropriate period of time after operations begin. *Id.* Now, just weeks after making this proposal, BNSF cannot credibly claim that providing the same type of information in a permitting process would constitute irreparable harm.

Moreover, given that BNSF has charged full steam ahead with their construction project, much of the groundwork and expense which would otherwise be associated with the National Scenic Area Permit process has presumably already been expended. (Decl. of Lewis, ¶ 2, Ex. A, Photographs of BNSF Construction.) The bottom line here is that BNSF has only recently made a unilateral decision that it does not want to comply with the long standing National Scenic Area Permit process; a process which they have followed in years past and one which they explicitly assured the Department of Ecology that they would participate in this time as well.

Finally, BNSF's recent concern that complying with the permit process may cause "delays in the Construction Project" (Dkt. 8 at 30) is particularly unpersuasive given the timeline of events in this matter. BNSF submitted its SEPA checklist in January, 2016, wherein it not only confirmed that applying for the National Scenic Area Permit it now seeks to avoid was necessary, but also assured that it would do so. The Department of Ecology relied upon these representations. (Decl. of McGowen, ¶ 5.) Clark County did not learn that BNSF had

begun construction on the project until receiving a complaint from a concerned local resident on August 20, 2018. (Decl. of Davia, ¶ 3.) BNSF did not advise Clark County of the position it now takes until September 5, 2018, a full **2.5 years after** affirmatively assuring the Department of Ecology that they would do so. As this timeline clearly demonstrates, to the extent following through with its promise to apply for a National Scenic Area Permit may arguably result in delay, BNSF has only itself to blame. This is yet another factor that cuts against BNSF's assertion of irreparable harm. *See, e.g., Oakland Trib., Inc.,* v. *Chron. Pub. Co.,* 762 F.2d 1374, 1377 (9th Cir. 1985).

**4.     BNSF Has Failed to Show the Balance of Equities Tips in its Favor.**

In assessing whether the Plaintiff has demonstrated that the balance of equities tip in its favor, the court must balance the interests of all parties and weigh the damage to each. *Stormans, Inc.,* v. *Selecky,* 586 F.3d 1109, 1138 (9th Cir. 2009) *(quotations and citations omitted).* In other words, a court "must balance the harm that will occur to the moving party from the denial of the preliminary injunction with the harm that the non-moving party will incur if the injunction is granted." *Id.*

The balance of the equities weighs **against** the entry of a preliminary injunction here. As outlined above, a preliminary injunction is *not* a preliminary adjudication on the merits but, rather, a device for preserving the status quo. *Sierra On-Line, Inc., v. Phoenix Software, Inc.,* 739 F.2d 1415, 1422 (9th Cir. 1984). The status quo refers not simply to *any* situation before the filing of a lawsuit but, instead, to "the last uncontested status which preceded the pending controversy." *GoTo.com, Inc., v. Walt Disney Co.,* 202 F.3d 1199, 1210 (9th Cir. 2000) *(quoting, Tanner Motor Livery, Ltd, v. Avis, Inc.,* 316 F.2d 804, 809 (9th Cir. 1963).

Here, BNSF acknowledged to other regulatory agencies, nearly three years before

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1300 FRANKLIN ST., SUITE 380 • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(564) 397-2478 (OFFICE) / (564) 397-2184 (FAX)

taking its current position, that it would be applying for a National Scenic Area Permit, as administered by and through Clark County. Instead of following through with this assurance, it began construction on this project without even providing notice to the County. Now BNSF comes to this Court with unclean hands asking to preserve a "status quo" of their creation, which is favorable only to them. BNSF should not be allowed to continue construction of a project, without providing any information as to its impact, simply because it was able to begin construction before anyone was aware that they were not going to follow through with their prior assurances—assurances which were also consistent with their prior course of conduct (*i.e.,* obtaining National Scenic Area Permits). The status quo applicable to this case is not the unpermitted construction that BNSF insolently began but, rather, the pre-construction condition that existed when BNSF submitted its SEPA checklist to the Department of Ecology in January, 2016.

### 5. An Injunction is Not in the Public Interest.

The public interest inquiry "primarily addresses the impact of the preliminary injunction on non-parties rather than parties." *Sammartano v. First Judicial District Court,* 303 F.3d 959, 974 (9th Cir. 2002). As to the public interest, "courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Flexible Lifeline Sys. v. Precision Lift, Inc.,* 654 F.3d 989 (9th Cir. Mont. 2011). Significantly, courts have held "there is inherent harm to an agency in preventing it from enforcing regulations that Congress found it in the public interest to direct that agency to develop and enforce." *Seaside Civic League, Inc., v. United States HUD,* 2014 U.S. Dist. LEXIS 147733, *1 (N.D. Cal. Oct. 15, 2014); *see also, Cornish v. Dudas,* 540 F. Supp. 2d 61, 65 (D.D.C. 2008), *aff'd sub nom., Cornish v. Doll,* 330 F. App'x 919 (Fed. Cir. 2009); (same)

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1300 FRANKLIN ST., SUITE 380 • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(564) 397-2478 (OFFICE) / (564) 397-2184 (FAX)

*New Motor Vehicle Bd. of California v. Orrin W. Fox Co.,* 434 U.S. 1345, 1351, 98 S. Ct. 359, 54 L.Ed.2d 439 (1977) (holding analogously that "any time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury"). Here, the issuance of the injunction would enjoin two governments from enforcing the federal regulations that they are mandated to enforce.[2]

Through their implementation of the National Scenic Area Act, Defendants advance the public interest to "protect and provide for the enhancement of the scenic, cultural, recreational, and natural resources of the Columbia River Gorge, and to protect and support the economy of the Columbia River Gorge." This is to be done "in a manner that enhances the scenic, cultural, recreational, and natural resources of the Gorge . . . consistent with and implementing the Management Plan for the Columbia River Gorge National Scenic Area." Clark County, Washington, Unified Development Code, Title 40.

Here, BNSF complains that they face the possibility of losing customers and incurring added expenses by complying with the permitting process, as they have previously promised to do. (Dkt. 8 at 29-31.) Put simply, BNSF asks this Court to put its own financial gain ahead of the broader public interests that Congress recognized in the National Scenic Area Act and which are advanced by Defendants in this matter. As such, it is in the public interest to deny BNSF's preliminary injunction.

**B.      The Doctrine of Primary Jurisdiction Precludes Injunctive Relief.**

The doctrine of primary jurisdiction is precisely applicable to this lawsuit. The Ninth Circuit has explained how the doctrine of primary jurisdiction operates:

---

[2] 16 U.S.C. § 544c(b) requires the Gorge Commission to use procedures consistent with Oregon and Washington administrative law and conflicts of interest law, which includes prohibitions against conflicts of interest, prejudging adjudications, and contested cases.

CLARK COUNTY DEFENDANTS' RESPONSE TO
MOTION FOR PRELIMINARY INJUNCTION - 16

"When there is a basis for judicial action, independent of agency proceedings, courts may route the threshold decision as to certain issues to the agency charged with primary responsibility for governmental supervision or control of the particular industry or activity involved." The doctrine applies when "protection of the integrity of a regulatory scheme dictates preliminary resort to the agency which administers the scheme." Thus, it is the extent to which Congress, in enacting a regulatory scheme, intends an administrative body to have the first word on issues arising in judicial proceedings that determines the scope of the primary jurisdiction doctrine.

*United States v. General Dynamics Corp.,* 828 F.2d 1356, 1362 (9th Cir. 1987) *(citations omitted).*

The Ninth Circuit continued:

There are four factors uniformly present in cases where the doctrine properly is invoked: (1) the need to resolve an issue, that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory scheme that (4) requires expertise or uniformity in administration.

*Id.*

This matter readily satisfies each of those elements: (1) BNSF seeks to resolve the application of the National Scenic Area authorities to its construction proposal; (2) Clark County is directly implementing the National Scenic Area Act, which specifically empowers the Gorge Commission to hear and decide appeals from National Scenic Area permit decisions, 16 U.S.C. § 544m(a)(2); (3) the National Scenic Area Act requires administration of the National Scenic Area, pursuant to a comprehensive management plan that the Gorge Commission adopts, the U.S. Secretary of Agriculture concurs with, and must meet congressional-imposed standards, and that counties implement through ordinances that the Commission and U.S. Secretary of Agriculture must review and approve, 16 U.S.C. §§ 544d-544f; and (4) the Columbia River Gorge Commission is a bi-state agency created by Oregon and Washington, through an interstate compact, and ratified by Congress for the purpose, *inter alia,* of creating a single Management Plan for the bi-state region, 16 U.S.C. § 544d.

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1300 FRANKLIN ST., SUITE 380 • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(564) 397-2478 (OFFICE) / (564) 397-2184 (FAX)

According to the Ninth Circuit, "an issue either is within an agency's primary jurisdiction or it is not, and, if it is, a court may not act until the agency has made the initial determination." *U.S. v. General Dynamics Corp.,* 828 F.2d at 1364, n. 15. "Failure to defer when the doctrine so mandates is reversible error." *Id.* Resolving questions of whether and how particular National Scenic Area standards apply to BNSF's current construction project are within the Gorge Commission's sole jurisdiction.[3]

Further, once this Court concludes that this matter is within the Gorge Commission's primary jurisdiction, this Court will be bound by determinations made in the collateral administrative proceedings and may not, itself, review the merits of the agency's decision. *See, Id.* at 1360. This is because the Columbia River Gorge National Scenic Area Act commits exclusive jurisdiction to review decisions of the Columbia River Gorge Commission respectively to the State courts of Washington and Oregon. 16 U.S.C. §§ 544m(b)(4)-(6); *Broughton Lumber Co. v. Columbia River Gorge Comm'n,* 975 F.2d 616,620-21 (9th Cir. 1992). Correspondingly, federal district courts lack subject matter jurisdiction to do so. *Id.* at 621. Where primary jurisdiction exists in an administrative agency, normally, "the case should be dismissed without prejudice so that the parties may pursue their administrative remedies." *Syntek Semiconductor Co., Ltd., v. Microchip Technology, Inc.,* 307 F.3d 775, 782 (9th Cir. 2002).

## CONCLUSION

BNSF has failed to meet the heavy burden necessary to obtain a preliminary injunction that seeks to alter the status quo. BNSF cannot demonstrate a high likelihood of success because

---

[3] While the STB may have experience applying and administering ICCTA generally, it does not have expertise in cases like this that involve the question of whether a railroad must complete a federally-mandated administrative appeal process, nor does the STB have expertise, much less a role, in administering the National Scenic Area Act.

CLARK COUNTY DEFENDANTS' RESPONSE TO
MOTION FOR PRELIMINARY INJUNCTION - 18

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1300 FRANKLIN ST., SUITE 380 • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(564) 397-2478 (OFFICE) / (564) 397-2184 (FAX)

ICCTA preemption, its sole legal theory, is inapplicable to federal environmental regulatory schemes like the one established by The National Scenic Area Act.  Moreover, BNSF has not demonstrated that it will suffer irreparable harm by engaging in a permitting process that it has followed for more than twenty years and has committed to following in this case. Lastly, the equities and public interest weigh heavily against a preliminary injunction that would permit BNSF to continue to alter the landscape and the status quo in the Columbia River Gorge without obtaining a National Scenic Area Permit.

Dated this 5th day of December, 2018.

*s/ Taylor Hallvik*
Taylor Hallvik, WSBA #44963
Deputy Prosecuting Attorney
Clark County Prosecutor's Office – Civil Division
PO Box 5000
Vancouver WA  98666-5000
   Tele:   (360) 397-2478
   Fax:    (360) 397-2184
   Email:  taylor.hallvik@clark.wa.gov

*Attorney for Defendants*

CLARK COUNTY PROSECUTING ATTORNEY
CIVIL DIVISION
1300 FRANKLIN ST., SUITE 380 • PO BOX 5000
VANCOUVER, WASHINGTON 98666-5000
(564) 397-2478 (OFFICE)  /  (564) 397-2184 (FAX)

# CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December, 2018, I electronically filed the following:

1. Clark County Defendants' Response to Motion for Preliminary Injunction;

2. Declaration of Richard Daviau, with attached exhibits;

3. Declaration of Alicia Lewis, with attached exhibits; and

4. Declaration of Vincent McGowan, with attached exhibits;

with the Clerk of the Court using the CM/ECF system, which will send notification to the following:

*Attorneys for Plaintiff:*

James M. Lynch
J. Timothy Hobbs
    K & L Gates, LLP
    925 Fourth Avenue #2900
    Seattle WA 98104-1158
        Email to: jim.lynch@klgates.com; ethan.norss@klgates.com;
                tim.hobbs@klgates.com; laura.white@klgates.com

Barry M. Hartman
    K & L Gates, LLP
    1601 K St NW
    Washington DC 20006-1600
        Email to: barry.hartman@klgates.com; klgateseservice@klgates.com

Benjamin J. Horwich
Allison M. Day
Andre W. Brewster, III
    Munger Tolles & Olson
    560 Mission St, 27th Floor
    San Francisco CA 94105-2907
        Email to: ben.horwich@mto.com; susan.ahmadi@mto.com
                allison.day@mto.com; mark.roberts@mto.com
                andy.brewster@mto.com; sarah.williams@mto.com

///////

CERTIFICATE OF SERVICE - 1

Ginger D. Anders
    Munger Tolles & Olson
    1155 F Street NW, Seventh Floor
    Washington DC  20004
        Email to:  ginger.anders@mto.com; felicia.bankhead@mto.com

Attorneys for *Intervenor, Friends of the Columbia Gorge, Inc.*:

Nathan Baker
Steven D. McCoy
    Friends of the Columbia Gorge, Inc.
    333 SW Fifth Avenue #300
    Portland OR  97204
        Email to:  nathan@gorgefriends.org;
                   steve@gorgefriends.org

Gary K. Kahn
    Reeves Kahn Hennessy & Elkins
    PO Box 86100
    Portland OR  97286
        Email to:  gkahn@rke-law.com

Attorney for *Intervenor, Columbia River Gorge Commission*:

Jeffrey B. Litwak
Columbia River Gorge Commission
57 NE Wauna Avenue
PO Box 730
White Salmon WA  98672
    Email to:  jeff.litwak@gorgecommission.org

DATED this 5th day of December, 2018.

                    *s/ Thelma Kremer*
                    Thelma Kremer, Legal Secretary

CERTIFICATE OF SERVICE - 2